IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:19CR136-LG-RHW-3

**GERALD WAYNE JONES**

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REVOKE OR AMEND MAGISTRATE'S ORDER DENYING BOND**

BEFORE THE COURT is the [69] Motion for Reconsideration of Order of Denial of Bond at Detention Hearing or, Alternatively, Motion to Revoke or Amend Magistrate's Order Denying Bond filed by Defendant Gerald Wayne Jones. The Motion asks (1) for the Magistrate Judge to reconsider the prior Order of Detention and (2) for the District Judge to revoke or amend the Order of Detention should the Magistrate Judge deny reconsideration. The Government filed a response in opposition and a supplemental response in opposition, and Magistrate Judge Walker thereafter issued an [72] Order Denying Reconsideration. Having considered the submissions of the parties, the record, and relevant law, the Court finds that Defendant's Motion to Revoke or Amend the Magistrate's Order Denying Bond should be denied.

I. BACKGROUND

Jones was charged via criminal complaint with conspiracy to possess with intent to distribute 500 grams or more of a substance containing methamphetamine

in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846.[1]  Magistrate Judge John C. Gargiulo held a preliminary detention hearing on November 13, 2019.  At the conclusion of the hearing, Judge Gargiulo ordered Jones detained pending trial, finding that his drug charge comes within 18 U.S.C. § 3142(e)(3)'s rebuttable presumption of detention and that he presented insufficient evidence to rebut that presumption.  Judge Gargiulo determined that no conditions or combination of conditions of release would reasonably assure Jones's attendance because (1) he lacks significant community or family ties to the Southern District of Mississippi, (2) the weight of the evidence against him is strong, (3) he is subject to a lengthy term of incarceration if convicted, and (4) his background information is unknown or unverified because he refused to participate in a pretrial interview.  Jones remains detained at Harrison County Adulty Detention Center ("HCADC") awaiting trial.

On April 3, 2020, Jones filed the instant Motion.  The Motion argues that this Court should revoke or amend the order of detention to temporarily release Jones because he is at heightened risk for contracting COVID-19.  Jones is 64 years old, has diabetes and hypertension, and needs hernia repair surgery and prostate surgery.  He notes that his age and medical conditions put him within the Centers for Disease Control and Prevention's ("CDC") category of persons particularly "at risk" for contracting the virus.  He also states that public health experts have

---

[1] An indictment handed down subsequent to his detention hearing charged him with the same conspiracy count as well as one count of possession with intent to distribute methamphetamine.

determined that incarcerated individuals are, in general, at special risk for infection because of their close living situations. Based upon the foregoing, Jones contends that "[t]he circumstances that existed when the Court ordered Mr. Jones det[ained] have now changed." (Mot. 5, ECF No. 69.) He argues that he is more likely to contract the novel coronavirus while detained than if he were released and that his age and medical conditions make the risks of infection significant for him.

On April 22, 2020, Magistrate Judge Walker entered an [72] Order Denying Reconsideration, which denied the Motion's request for reconsideration of the original detention order but explicitly left unresolved the request to revoke or amend that detention order. Judge Walker noted that Jones's Motion, filed five months after the entry of the order of detention, "presented none of the recognized grounds for reconsideration." (Order Den. Recons. 2, ECF No. 72.) The Court now turns to the remaining portions of the Motion and notes that neither Jones nor the Government requests a new hearing.

## II. DISCUSSION

"If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992) (citing *United States v. Fortna,* 769 F.2d 243, 249 (5th

Cir. 1985)). A judicial officer may order a defendant detained pending trial upon a finding by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person," or by clear and convincing evidence that "no condition or combination of conditions will reasonably assure ... the safety of any other person and the community." 18 U.S.C. § 3142(e); *see United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985) (citation omitted).

> An assessment of whether conditions of bond will reasonably assure a defendant's appearance must take into account: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics including, among other things, his family ties, length of residence in the community, community ties, and past conduct; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

*United States v. Acosta-Leyva*, 751 F. App'x 594, 595 (5th Cir. 2019) (citing 18 U.S.C. § 3142(g)).

Jones does not challenge any of Judge Gargiulo's findings or his determination that no condition or combination of conditions will reasonably assure Jones's appearance or assure the safety of the community. On *de novo* review, and noting the rebuttable presumption that detention is warranted, the record adduced at the detention hearing readily justifies his pretrial detention. The Government alleges that Jones drove a tractor-trailer truck containing in excess of 28 kilograms of methamphetamine into the district, delivering the methamphetamine to co-defendants Sharad Collier and Aaron Conrad Whavers. And Jones has no personal or familial connections to the district.

Rather, Jones maintains that the current COVID-19 pandemic presents extraordinary circumstances warranting a temporary departure from the normal considerations. Even assuming that the pandemic justified considering the risks to the defendant's health and wellbeing in making a detention determination, Jones has not demonstrated that the risk to his health and well-being – especially when weighed against the risk that Jones might flee the district or endanger the community – justifies his release on bond. Jones identifies only the speculative, generalized risk of contracting COVID-19 while incarcerated. He does not argue that the conditions at HCADC pose a danger to him or others similarly situated. The Government submitted evidence demonstrating that HCADC is capable of meeting Jones's medical needs.

The Government says HCADC has taken numerous prophylactic steps to ensure the health and safety of its inmates, cleaning surfaces multiple times each day, installing hand sanitizer in multiple locations for staff and inmate workers, suspending the presence of volunteers and visitors, suspending the transfer of inmates between facilities, and crafting emergency lockdown procedures in the event of a positive test for the virus within the facility. The Government also states that there are no confirmed cases of COVID-19 at HCADC, and the HCADC screens all new inmates for COVID-19 and will deny entry to any inmate demonstrating symptoms. Finally, the Government notes that staff at HCADC are well aware of his medical conditions and have been providing him with medication to lower his blood pressure and blood glucose and to relieve the symptoms of his hypertrophic

prostate. On this record, the Court finds that Jones has not presented evidence demonstrating his entitlement to pretrial release on bond.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [69] Motion for Reconsideration of Order of Denial of Bond at Detention Hearing or, Alternatively, Motion to Revoke or Amend Magistrate's Order Denying Bond filed by Defendant Gerald Wayne Jones is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 28th day of April, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE