IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                         CAUSE NO. 1:19cr136-LG-RPM-3

**GERALD WAYNE JONES**

ORDER DENYING MOTION FOR REVIEW
AND APPEAL OF DETENTION ORDER

**BEFORE THE COURT** is the defendant Gerald Wayne Jones's [85] Supplemental Motion for Reconsideration of Order of Denial of Bond at a Detention Hearing and [86] Supplemental Motion to Revoke or Amend the [34] Order of Detention Pending Trial entered on November 13, 2019, by the United States Magistrate Judge. Jones seeks *de novo* review of the Order of Detention pursuant to 18 U.S.C. § 3145(b). After conducting a *de novo* review of Magistrate Judge Gargiulo's findings and conclusions, Jones's motions, the record in this matter, and the applicable law, the Court finds that Jones's motions should be denied.

BACKGROUND

Jones was indicted by a grand jury on November 19, 2019, with one count of conspiracy with intent to distribute methamphetamine, and one count of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Jones appeared before Judge Gargiulo for a detention hearing on November 13, 2019. At the conclusion of the hearing, Judge Gargiulo ordered Jones detained pending trial, finding that his drug charge comes within 18 U.S.C. § 3142(e)(3)'s rebuttable presumption of detention and that he

presented insufficient evidence to rebut that presumption. Judge Gargiulo determined that no conditions or combination of conditions of release would reasonably assure Jones's attendance because (1) he lacks significant community or family ties to the Southern District of Mississippi, (2) the weight of the evidence against him is strong, (3) he is subject to a lengthy term of incarceration if convicted, and (4) his background information is unknown or unverified because he refused to participate in a pretrial interview. Jones remains detained at Harrison Country Adult Detention Center ("HCADC") awaiting trial.

On April 3, 2020, Jones filed a [69] Motion for Reconsideration of Order of Denial of Bond at a Detention Hearing or, Alternatively, Motion to Revoke or Amend Magistrate's Order Denying Bond at a Detention Hearing. There, Jones argued that he should have been released because of his heightened risk for contracting COVID-19. On April 22, 2020, Judge Walker entered an [72] Order Denying Reconsideration, which denied the motion's request for reconsideration of the original detention order but explicitly left unresolved the request to revoke or amend that detention order.[1] Subsequently, on April 28, 2020, the Court entered an [73] Order Denying Motion to Revoke or Amend Magistrate's Order Denying Bond, finding that Jones's concerns over the COVID-19 pandemic did not warrant release.

On August 27, 2020, Jones filed the instant motions. The Court notes that his motions seek Jones's immediate release due to the COVID-19 pandemic. Jones

---

[1] In Judge Walker's [72] Order, he notes that Jones's motion, filed five months after the entry of the order of detention, "presented none of the recognized grounds for reconsideration." (Order Denying Recons., at 2, ECF No. 72).

is 64 years old, has diabetes and hypertension, and needs a hernia repair surgery and prostrate surgery. Jones cites his age, health, and the fact that he has tested positive for COVID-19 on August 20, 2020, as putting him in "eminent danger." (Def.'s Mot., at 4, ECF No. 85). He also states that public health experts have determined that incarcerated individuals are, in general, at special risk for infection because of their close living situations. Jones argues that his "life and liberty" are on the line and that he would be safer if he were released.

## DISCUSSION

"If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992) (citing *United States v. Fortna,* 769 F.2d 243, 249 (5th Cir. 1985)). A judicial officer may order a defendant detained pending trial upon a finding by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person," or by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e); *see Fortna*, 769 F.2d at 250 (citation omitted).

> An assessment of whether conditions of bond will
> reasonably assure a defendant's appearance must take

> into account: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics including, among other things, his family ties, length of residence in the community, community ties, and past conduct; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

*United States v. Acosta-Leyva,* 751 F. App'x 594, 595 (5th Cir. 2019) (citing 18 U.S.C. § 3142(g)).

    Jones does not challenge any of Judge Gargiulo's findings or his determination that no condition or combination of conditions will reasonably assure Jones's appearance or assure the safety of the community. On *de novo* review, and noting the rebuttable presumption that detention is warranted, the record adduced at the detention hearing readily justifies his pretrial detention. The Government alleges that Jones drove a tractor-trailer truck containing in excess of 28 kilograms of methamphetamine into the district, delivering the methamphetamine to co-defendants Sharad Collier and Aaron Conrad Whavers. And Jones has no personal or familial connections to the district.

    Rather, Jones maintains that the current COVID-19 pandemic presents extraordinary circumstances warranting a temporary departure from the normal considerations. While Jones did contract COVID-19, the more important factor, as argued by the Government, is that Jones has since recovered. (Gov.'s Resp., at 1, ECF No. 87). Even assuming that the pandemic justified considering the risks to the defendant's health and wellbeing in making a detention determination, Jones has not demonstrated that the risk to his health and well-being – especially when

weighed against the risk that Jones might flee the district or endanger the community – justifies his release on bond.

The Government says HCADC has taken numerous prophylactic steps to ensure the health and safety of its inmates. The current policy at HCDAC includes checking for fevers of any visitors, placing new inmates in quarantine so they do not expose other inmates in the jail, checking inmates for COVID-19 symptoms every morning, and providing necessary health care for inmates that appear to be heavily affected by COVID-19. The Government notes that staff at HCADC are aware of Jones's medical conditions and have treated him. The Government claims that Jones has since moved out of the medical unit at HCADC and has accepted entry into the HCADC Alcohol and Drug Rehabilitation Program. On this record, the Court finds that Jones has not presented evidence demonstrating his entitlement to pretrial release on bond.

Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [85] Supplemental Motion for Reconsideration of Order of Denial of Bond at a Detention Hearing and [86] Supplemental Motion to Revoke or Amend filed by defendant, Gerald Wayne Jones, are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 10th day of September, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE