IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                      CAUSE NO. 1:19CR136-LG-RPM-3

**GERALD WAYNE JONES**

### ORDER DENYING DEFENDANT'S MOTION TO RECORD THE EFFECTS OF COVID-19 ON THE JURY POOL

**BEFORE THE COURT** is Defendant Gerald Wayne Jones's [91] "Motion to Record the Effects of Covid-19 on the Jury Pool and If Disparate Racial Impact Is Demonstrated to Bar the Exercise of Peremptory Strikes Against Non-White Venire Members Or Alternatively Require the Person Using a Peremptory Strike on a Minority To Give Satisfactory Race Neutral Reason in Accordance with *Batson v. Kentucky*." The Government has filed a response in opposition to the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion should be denied.

### DISCUSSION

Jones and two co-defendants — Sharard Collier and Aaron Conrad Whavers — were indicted for one count of conspiracy to possess with intent to distribute methamphetamine and one count of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Whavers has since pled guilty to the conspiracy charge, and Collier has filed a [99] Notice of Intent to Change Plea to Guilty. The case against Jones is currently set for a telephonic pretrial conference on November 17, 2020.

Jones filed the present Motion arguing that "non-white jurors" are disproportionately impacted by COVID-19. Therefore, he alleges that the jury panel at his trial may not represent a fair cross-section of the community as required by 28 U.S.C. § 1861. To remedy this alleged under-representation, Jones asks the Court "to provide a copy of any document proposed to be sent to prospective jurors and further to provide an explanation for how jurors will request excuses or exemptions." (Def.'s Mot. at 3, ECF No. 91). Jones also requests that the Court make a record of the name, age, race, gender, and proffered excuse or exemption for each potential juror requesting an excuse or exemption. (*Id.*) Jones does not specifically request a continuance of his trial, but he notes that he would have no objection to a continuance and would waive his right to a speedy trial "so the overall prejudicial affect [sic] of COVID-19 on his jury trial will not take place." (*Id.* at 4). Finally, Jones asks the Court "to bar the exercise [of] peremptory strikes against non-white venire members during jury selection by the Government, or alternatively if the Government uses strikes on non-white jurors they must give satisfactory race neutral reasons without the defense showing that race was a criteria for the exercised peremptory strike." (*Id.* at 5).

"It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. "The fair-cross-section requirement does not guarantee 'juries of any particular composition.'" *Paredes v. Quarterman*, 574 F.3d

281, 289 (5th Cir. 2009). To establish a prima facie fair cross-section claim a defendant must show that (1) "the group alleged to be excluded is a distinctive group in the community," (2) "the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community," and (3) "this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Duren v. Missouri*, 439 U.S. 357, 364 (1979). "There is systematic exclusion when the underrepresentation is due to the system of jury selection itself, rather than external forces," such as a global pandemic. *United States v. Auzenne*, No. 2:19-CR-53-KS-MTP, 2020 WL 6065556, at *11 (S.D. Miss. Oct. 14, 2020) (quoting *United States v. Rioux*, 97 F.3d 648, 658 (2nd Cir. 1996)). Furthermore, since the defendant must demonstrate that "the underrepresentation was inherent in the particular jury-selection process utilized," a defendant cannot establish a prima facie violation by relying solely on the composition of the jury at his own trial. *Timmel v. Phillips*, 799 F.2d 1083, 1086-87 (5th Cir. 1986); *see also United States v. Olaniyi-Oke*, 199 F.3d 767, 773 (5th Cir. 1999).

Jones cannot make a prima facie showing that the jury panel at his trial will not constitute a fair cross-section of the community, because he cannot demonstrate that the alleged "underrepresentation is due to systematic exclusion of the group in the jury-selection process." *See Duren*, 439 U.S. at 364. Jones's arguments are based on external forces, not this Court's system of jury selection. In addition, Jones cannot rely solely on the composition of the jury panel at his trial, because

"one incidence of a jury venire being disproportionate is not evidence of a 'systematic' exclusion." *See Timmel*, 799 F.2d at 1087.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Gerald Wayne Jones's [91] Motion to Record the Effects of Covid-19 on the Jury Pool is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 16th day of November, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE